UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
Northeastern Division

---

Wanzek, a MasTec Company,

        Plaintiff,

v.

Sitetech, LLC, a Foreign Corporation,

        Defendant.

Case No.
HON.

---

Steven L. Theesfeld  #06678
Attorney for Plaintiff
2050 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, MN  55402
(612) 338-6000
stheesfeld@yostbaill.com

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff Wanzek, a MasTec Company, by and through its counsel YOST & BAILL, LLP, and for its Complaint states as follows:

### PARTIES

1.    That Wanzek, a MasTec Company, is a North Dakota corporation, with its headquarters and principal place of business in Fargo, North Dakota, and is engaged in the business of industrial construction.

2.    Upon information and belief, Defendant was a foreign corporation engaged, among other things, in the business of erection, maintenance and demolition of wireless cellular telephone towers, with its principal place of business located at 1379 Ridge Rd., Dickson, TN 37055.

### JURISDICTION & VENUE

3.    Jurisdiction is founded upon diversity of citizenship pursuant to 28 U.S.C. § 1332. This is a civil action where the matter in controversy exceeds the sum of Seventy-five Thousand and no/100 Dollars ($75,000.00), exclusive of interest and costs.

4.      Venue is proper within this jurisdiction pursuant to 29 U.S.C. § 1391 because the situs of the incident giving rise to this action occurred in Otter Tail County, Minnesota, and because the Defendant's business is located in Dickson, TN and does business within the District, and is thus subject to personal jurisdiction within the District at the time the action is commenced.

## ALLEGATIONS

5.      On or about December 11, 2009, Defendant entered into a contract with Plaintiff, in which Plaintiff agreed to provide a large industrial crane and crane operator to assist Defendant with the dismantling and demolition of a cellular telephone tower located at or near the intersection of Main Street and Broken Down Dam Road in Fergus Falls, Otter Tail County, Minnesota. A true and correct copy of said contract is attached hereto as Exhibit A. Said contract provides, in relevant part, as follows:

> "To the fullest extent permitted by law, Customer agrees to indemnify and save Wanzek, its employees and agents, harmless from all claims, loss, damage or injury to . . . property including without limitation the crane . . . regardless of any negligence or other fault of Wanzek or the crane operator or a defect or failure in the crane. Customer's duty to indemnify shall include all costs and expenses associated with the foregoing, including without limitation all court and/or arbitration costs, costs of investigation, attorney fees and costs of settlement . . . ."

6.      On December 11, 2009, while Plaintiff was in the midst of performing its crane services as described in Paragraph 3 above, the cellular telephone tower broke apart and collapsed, resulting in significant damages to Plaintiff's crane, as well as the necessity for Plaintiff to rent two alternative cranes while the damaged crane at issue was being repaired. The total repair and rental costs for said cranes amount to $298,723.13. Despite due demand, Defendant has failed and refused to pay any part or portion of said sum.

## COUNT I - BREACH OF CONTRACT

7.      Plaintiffs reallege paragraphs 1 through 6, as set forth hereinabove.

8. Pursuant to the contract specified in paragraph 4 above and attached hereto, Defendant agreed to indemnify Plaintiff for the crane repair and rental costs incurred by Plaintiff when its crane was damaged during the work Plaintiff performed for Defendant on December 11, 2009.

9. Defendant breached its contract with Plaintiff when it failed and refused to indemnify Plaintiff for its crane repair and rental charges despite due demand.

10. As a direct and proximate result of Defendant's breach of contract, Plaintiff has sustained damages in the amount of $298,723.13.

## COUNT II - NEGLIGENCE

11. Plaintiffs reallege paragraphs 1 through 10, as set forth hereinabove.

12. Upon arriving at the job site, Defendant's job superintendant, Mike Calandros, informed Plaintiff's representatives that the cell phone tower at issue would be taken down in one piece, as opposed to several pieces as was standard and custom in the industry. Mr. Calandros had control of the job site and the overall job of dismantling the tower, and thus, had the only authority as to the method to be used to dismantle said cell phone tower.

13. During the process of dismantling the tower, said tower collapsed, causing Plaintiff's damages as referenced in paragraph 4 above.

14. Plaintiff's damages were the sole, direct and proximate result of Defendant's negligence and carelessness in attempting to dismantle the cell phone tower in one piece, rather than several pieces as is standard and customary in the industry.

15. As a direct and proximate result of Defendant's negligence, Plaintiff has sustained damages in the amount of $298,723.13.

## COUNT III – ATTORNEY FEES

16. Plaintiffs reallege paragraphs 1 through 15, as set forth hereinabove.

17. Pursuant to the terms of the contract attached hereto as Exhibit A, Defendant is obligated to indemnify Plaintiff for all costs and attorney fees incurred in the pursuit of the claims at issue in this litigation.

WHEREFORE, Plaintiff prays for judgment against the Defendant herein in the amount of Two Hundred Ninety-Eight Thousand, Seven Hundred Twenty-Three and 13/100 Dollars ($298,723.13), together with interest, costs, disbursements and reasonable attorney fees incurred herein, and such other and further relief as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES HEREIN**

Date: 8/1/11

Respectfully submitted,

Steven L. Theesfeld #06678
Attorney for Plaintiff
2050 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, MN 55402
(612) 338-6000
stheesfeld@yostbaill.com